PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. AARON J. WADDELL                               Docket Number: 08-cr-00213-REB-01

**Petition for Issuance of Summons Due to Violation of Supervised Release**

COMES NOW, Pete Stein, probation officer of the court, presenting an official report upon the conduct and attitude of Aaron Waddell who was placed on supervision by the Honorable Fernando J. Gaitan, Jr. sitting in the court at Kansas City, Missouri, on the 23rd day of July, 2003, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall personally report to the Probation Office within 72 hours of release from confinement.

2. The defendant shall participate in any substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office and pay any associated costs as directed by the Probation Office.

3. The defendant shall submit his person, residence, office or vehicle to a search conducted by a U.S. Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. The defendant shall satisfy any pending warrants/charges within the first 30 days of supervised release.

**Jurisdiction of this case was transferred from the Western District of Missouri to the District of Colorado on May 12, 2008.**

On June 26, 2008, the conditions of supervised release were modified to include additional special condition No. 5: The defendant shall reside in a residential re-entry center for a period of up to four (4) months to commence as directed by the probation officer, and shall observe the rules of that facility.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment herein and hereto incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for the defendant to appear at a supervised release violation hearing.

ORDER OF THE COURT

Considered and ordered this 19th day of December, 2008, and ordered filed and made a part of the record in the above case.

s/ Robert E. Blackburn
_____
Robert E. Blackburn
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/Pete Stein
_____
Pete Stein
U.S. Probation Officer

Place: Denver, Colorado
Date: December 17, 2008

# ATTACHMENT

On February 6, 2006, and June 21, 2006, the conditions of supervised release were read and explained to the defendant. On those dates, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on February 9, 2006.

On February 16, 2006, defendant completed a substance abuse assessment which said defendant was not in need of substance abuse treatment.

On March 21, 2008, during a meeting with Probation Officer Amy Fonck and Supervising Probation Officer Grace Sena, defendant said he had used marijuana and crack cocaine "off and on" during his term of supervised release.

On April 8, 2008, the defendant completed a substance abuse assessment which recommended defendant participate in substance abuse counseling.

On April 24, 2008, defendant submitted a urine sample which tested positive for cocaine.

On April 30, 2008, defendant submitted a urine sample which tested positive for cocaine.

On May 8, 2008, defendant attended his first counseling session.

On May 12, 2008, jurisdiction was transferred from the Western District of Missouri to the District of Colorado.

On May 14, 2008, defendant failed to submit a urine sample as required.

On May 31, 2008, defendant submitted a urine sample which tested positive for cocaine.

On June 2, 2008, defendant submitted a urine sample which tested positive for cocaine.

On May 21, 2008, I presented the defendant with a Waiver of Hearing to Modify the Conditions of Supervised Release to include a special condition requiring the defendant's placement in a residential re-entry center for a period of up to four (4) months, to commence as directed by the probation officer, and that he observe the rules of that facility. Defendant signed the waiver after speaking with his attorney, Assistant Federal Public Defender Warren R. Williamson. Mr. Williamson and Assistant United States Attorney David Gaouette also agreed to the waiver of hearing and proposed modification. The Court imposed this condition June 26, 2008, and the defendant entered Independence House on July 21, 2008. He was released from Independence House on September 30, 2008.

The defendant has committed the following additional violations of his supervised release:

1) **FAILURE TO COMPLY WITH TREATMENT AS DIRECTED (DRUG TESTING):**

The defendant failed to comply with drug testing as required. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

The defendant failed to submit urine samples on November 2, 2008, November 17, 2008, November 27, 2008, December 1, 2008, and December 16, 2008, as required.

2) **FAILURE TO COMPLY WITH TREATMENT AS DIRECTED (COUNSELING):**

The defendant failed to comply with drug counseling as required. This constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about December 4, 2008, I received a telephone call and a fax from Dave Roberts, defendant's group counselor at Correctional Psychology Associates, advising that the defendant failed to attend his scheduled group counseling session on December 4, 2008.